IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ERVIN LAMONTE HOLLOMAN,    )
       Plaintiff,            )    Case No. 7:23-cv-00513
                           )
v.                            )
                           )    By: Michael F. Urbanski
DIRECTOR HAROLD CLARKE, et al., )    Chief United States District Judge
       Defendants.         )

## MEMORANDUM OPINION

Plaintiff Ervin Lamonte Holloman, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Harold Clarke, the former director of the Virginia Department of Corrections, and five correctional officers at Keen Mountain Correctional Center, where Holloman was previously incarcerated.[1] Prior to filing this action, Holloman filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted.[2] Therefore, under the three-strikes provision of the Prison Litigation Reform Act, Holloman may not proceed with this action unless he either prepays the entire filing fee or shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To satisfy the imminent-danger exception to the three-strikes provision, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir.

---

[1] Holloman is currently incarcerated at Wallens Ridge State Prison.

[2] See Holloman v. Va. Dep't of Corr., No. 7:22-cv-00478 (W.D. Va. Dec. 5, 2022); Holloman v. Va. Dept of Corr., No. 7:22-cv-00674 (W.D. Va. Feb. 17, 2023); Holloman v. Va. Dep't of Corr., No. 7:23-cv-00117 (W.D. Va. Apr. 11, 2023).

2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Holloman's pleadings do not contain any allegations that would support a finding that he is in imminent danger of serious physical injury. Although his original complaint alleged that he had "address[ed] Director Harold Clarke of being preyed upon by VADOC staff and general population inmates from facility to facility," Compl., ECF No. 1, at 3, this vague allegation is insufficient to show that he was in imminent danger at the time he filed the initial complaint. Likewise, Holloman's amended complaint does not include any allegations that would satisfy the imminent-danger exception. Instead, he merely alleges in a conclusory fashion that his right to "substantive due process" was violated on August 10, 2023, in connection with a "solitary confinement bill effective July 1, 2023." Am. Compl., ECF No. 10, at 2.

Because Holloman has not prepaid the filing fee or demonstrated that he "is under imminent danger of serious physical injury," the court will dismiss this action without prejudice under 28 U.S.C. § 1915(g).[3] An appropriate order will be entered.

---

[3] Even if Holloman had satisfied the requirements of § 1915(g), his amended complaint would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676–78 (2009) (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and that a complaint must contain more than "labels and conclusions" or "naked assertions devoid of further factual enhancement") (internal quotation marks, brackets, and citation omitted).

Entered: January 12, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.12 10:52:08
-05'00'

Michael F. Urbanski
Chief United States District Judge

3